UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOMESITE INSURANCE COMPANY, a Wisconsin corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTOPHER LENZI, a Washington resident, KARL AND MARCIA FRANZ, Washington residents, as Co-Trustees of the FRANZ FAMILY TRUST,<br><br>　　　　　　Defendants. | NO.<br><br>**PLAINTIFF HOMESITE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**28 U.S.C. § 1332** |

## I.　　PARTIES

1.　　Plaintiff Homesite Insurance Company ("Homesite") is a Wisconsin corporation with its principal place of business in Massachusetts.

2.　　Upon information and belief, Defendant Christopher Lenzi ("Lenzi") resides in Jefferson County, Washington.

3.　　Upon information and belief, Defendants Karl and Marcia Franz, as Co-Trustees of the Franz Family Trust (collectively, the "Franz Defendants") reside in Jefferson County, Washington.

PLAINTIFF HOMESITE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7063627.1

## II. VENUE AND JURISDICTION

4. The U.S. District Court in the Western District of Washington has jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity between the parties, and based on information and belief, the amount in controversy exceeds $75,000, exclusive of costs and interest.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in Jefferson County, Washington.

## III. FACTS

**A. The Underlying Lawsuit**

6. On or about December 9, 2019, the Franz Defendants filed an Amended Complaint for economic and non-economic damages, and equitable relief, regarding a boundary dispute between them and Lenzi, captioned as *Karl and Marcia Franz, as Co-Trustees of the Franz Family Trust, dated August 19, 1996 v. Christopher Lenzi,* Jefferson County Superior Court, Case No. 19-2-00239-16 ("Underlying Lawsuit"). Attached hereto as **Exhibit A** is a copy of the Amended Complaint in the Underlying Lawsuit.

7. Upon information and belief, the Franz Defendants own property located at 802 Rhododendron Drive, Quilcene, WA ("Franz Property").

8. Upon information and belief, Lenzi owns 610 Rhododendron Drive, Quilcene, WA ("Lenzi Property").

9. The Franz Defendants allege that they have owned and occupied the Franz Property since November 16, 2001.

10. The Franz Defendants allege that Mr. Lenzi purchased the Lenzi Property, where he presently resides, on October 17, 2017.

11. The Franz Defendants allege that the Franz Property was owned an occupied by their predecessors in interest for approximately seven years prior to 2001, and that since 1994,

PLAINTIFF HOMESITE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT - 2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7063627.1

the Franz Defendants or their predecessors in interest have exclusively owned, possessed and used the Franz Property.

12. The Franz Defendants allege that when the house on the Franz Property was constructed in 1994, according to deed a portion of the driveway extended several feet north of the surveyed boundary line and onto the Lenzi Property.

13. The Franz Defendants allege that a footpath was contemporaneously constructed north of the survey line between the Franz Property and the Lenzi Property.

14. The Franz Defendants allege that the footpath encroaches onto the Lenzi Property and runs easterly where it crosses the surveyed lease line onto the Franz Property.

15. The Franz Defendants allege that the footpath has been "possessed and used regularly for access to gardening areas adjacent to the path for approximately 25 years."

16. The Franz Defendants allege that when they took possession of the Franz Property in 2002, survey landmarks were visible and purported to establish the Franz Defendants northern boundary between the two properties.

17. The Franz Defendants allege that with this information, and representations by the sellers, they operated under the assumption that those survey markers represented their northern deed line.

18. The Franz Defendants allege that the survey markers were 256 feet north of the surveyed deed line and established a line of possession creating a triangular area of property north of the surveyed deed line (the "Disputed Triangle").

19. The Franz Defendants claim they have regularly used the Disputed Triangle to conduct gardening and exercise their dogs.

20. The Franz Defendants allege that Lenzi conducted logging activities in the Disputed Triangle on three occasions during April, August, and October, 2019.

PLAINTIFF HOMESITE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT - 3

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7063627.1

21. The Franz Defendants allege that Lenzi's logging activities were performed in an environmentally sensitive area that is prone to landslides, creating a risk of "damage and potential loss of life to property owners downhill" from the Lenzi Property.

22. On or about October 28, 2019, the Franz Defendants filed the Underlying Lawsuit, which contains causes of action for: (1) quiet title; (2) ejectment; (3) trespass; (4) declaration of right to lateral support; (5) injunction; and (6) declaration of rights to the subject real properties.

**B.    The Applicable Policies**

23. Homesite issued a Homeowners 3 Special Form Policy No. 34922647 to Lenzi, with effective dates of October 19, 2017 to October 19, 2018, renewed through October 19, 2020 (collectively, the "Policies"). Attached hereto respectively as **Exhibits B, C and D are** copies of the 2017-2018 Policy, the 2018-2019 Renewal Certificate, and the 2019-2020 Policy.

24. The Policies provide Personal Liability Coverage under Coverage E, as follows:

> SECTION II – LIABILITY COVERAGES
>
> B.    Coverage E – Personal Liability
>
> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
>
> **1.**    Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and
>
> **2.**    Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of payment for this coverage has been exhausted by payment of judgments or settlements.
> . . .
>
>   a.    The Policy contains the following relevant definitions:
>
>   **8.** "Insured" means:

PLAINTIFF HOMESITE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT - 4

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7063627.1

  a. You and residents of your household who are:

    (1) Your relatives; or

    (2) Other persons under the age of 21 and if your care or the care of a resident of your household who is your relative

 **9.** "Insured location" means:

  **a.** The "residence premises";

  **b.** The part of other premises, other structures and grounds used by you as a residence; and

    **(1)** Which is shown in the Declarations; or
    **(2)** Which is acquired by you during the policy period for your use as a residence;

  **c.** Any premises used by you in connection with a premises described in **a.** and **b.** above;

  **d.** Any part of a premises:

    **(1)** Not owned by an "insured"; and
    **(2)** Where an "insured" is temporarily residing;

  **e.** Vacant land, other than farmland, owned by or rented to an "insured";

  . . .

 **11.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

  **a.** "Bodily injury"; or

  **b.** "Property damage".

 **12.** "Property damage" means physical injury to, destruction of or loss of use of tangible property.

  . . .

 **15.** "Residence premises" means:

---

PLAINTIFF HOMESITE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7063627.1

       **a.** The one-family dwelling where you reside;

       **b.** The two-, three- or four- family dwelling where you reside in at least one of the family units; or

       **c.** That part of any other building where you reside; and which is shown as the "residence premises" in the Declarations.

"Residence premises" also includes other structures and grounds at that location.

. . .

  b. The Policy contains certain exclusions to the liability coverage, which provide as follows:

    E. Coverage E – Personal Liability And Coverage F – Medical Payments To Others

    Coverages E and F do not apply to the following:

    1.    Expected Or Intended Injury

    "Bodily injury" or "property damage" which is expected or intended by an "insured", even if the resulting "bodily injury" or "property damage":

    a.    Is of a different kind, quality or degree than initially expected or intended; or

    b.    Is sustained by a different person, entity or property than initially expected or intended.

    However, this Exclusion E.1. does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force by an "insured" to protect persons or property;

. . .

Coverage E does not apply to:

. . .

    2. "Property damage" to property owned by an "insured". This includes costs or expenses incurred by an "insured" or others to repair, replace, enhance, restore or maintain such property to prevent injury to a person or damage to property of others, whether on or away from an "insured location";

PLAINTIFF HOMESITE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT - 6

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7063627.1

3. "Property damage" to property rented to, occupied or used by or in the care of an "insured". This exclusion does not apply to "property damage" caused by fire, smoke or explosion;

. . .

C. Damage To Property Of Others

1. We will pay, at "replacement cost", up to $1,000 per "occurrence" for "property damage" to property of others caused by an "insured".

4. We will not pay for "property damage":

a. To the extent of any amount recoverable under Section I;

b. Caused intentionally by an "insured" who is 13 years of age or older;

c. To property owned by an "insured";

. . .

8. Criminal Acts

"Bodily Injury" or "property damage" arising out of or in connection with a criminal act of any "insured."

9. Intentional and Malicious Acts

"Bodily injury" or "property damage" arising out of an intentional and malicious act by or at the direction of any "insured."

. . .

**C.  Homesite is Defending Mr. Lenzi Under a Full Reservation of Rights**

25. Lenzi tendered the defense of the Underlying Lawsuit to Homesite.

26. On or about January 27, 2020, Homesite sent a letter to the Lenzi, informing him that Homesite had received notice of the Underlying Lawsuit, and that Homesite would appoint counsel to defend Lenzi while it conducted its coverage investigation. Attached hereto as **Exhibit E** is a copy of Homesite's January 27, 2020 letter to Lenzi.

PLAINTIFF HOMESITE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT - 7

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7063627.1

## IV. FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT – OCCURRENCE

27. Homesite realleges each of the allegations contained in Paragraphs 1 through 26 as if fully set forth herein.

28. The Policies provide coverage for "damages because of bodily injury or property damage caused by an occurrence."

29. The Policies define the term "occurrence" as an "accident."

30. In the Underlying Lawsuit, the Franz Defendants allege that Lenzi intentionally entered the Franz Property and/or the Disputed Triangle and cut down trees without their permission.

31. The Underlying Lawsuit contains no allegations that any of the alleged harm was accidental or was caused by some unforeseen or unexpected event.

32. The causes of action against Lenzi (quiet title, ejectment, intentional trespass, declaration of right to lateral support, injunction, and a declaration of rights) do not contain allegations of accidental conduct.

33. The relief sought by the Franz Defendants in the Underlying Lawsuit (an order of quiet title, a permanent injunction against Lenzi, an order finding Lenzi committed trespass, and an order establishing the Franz Defendants' right to lateral support) are not premised on any accidental conduct.

34. Homesite is entitled to declaratory judgment that it owes no duty to defend or indemnify Lenzi for any of the claims in the Underlying Lawsuit that were not caused by an "occurrence."

## V. SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT – EXPECTED OR INTENDED DAMAGE EXCLUSION

35. Homesite realleges each of the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

PLAINTIFF HOMESITE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT - 8

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7063627.1

36. The Policies do not provide coverage for "property damage" expected or intended by one or more insureds, even if the resulting bodily injury or property damage: (1) is of a different kind, quality or degree than initially expected or intended; or (2) is sustained by a different person, entity or property than initially expected or intended.

37. The Underlying Lawsuit alleges that Lenzi willfully entered on to the Franz Property and/or the Disputed Triangle and cut down the Franz Defendants' trees.

38. Homesite is entitled to declaratory judgment that it owes no duty to defend or indemnify Lenzi from any of the claims in the Underlying Lawsuit under the above exclusion.

## VI.   THIRD CAUSE OF ACTION:
## DECLARATORY JUDGMENT – OWNED PROPERTY EXCLUSION

39. Homesite realleges each of the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40. The Policies preclude coverage for "property damage" to property owned by, rented to, occupied by, or in the care of an insured.

41. The Underlying Lawsuit raises the possibility that some or all of the alleged "property damage" was to property owned by, rented to, occupied by, or in the care of Lenzi.

42. To the extent that it is shown that the Disputed Triangle was owned by, rented to, occupied by Lenzi, Homesite is entitled to declaratory judgment that it owes no duty to defend or indemnify Lenzi for any of the claims in the Underlying Lawsuit that pertain to "property damage" to such property.

## VII.   FOURTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT – CRIMINAL ACTS EXCLUSION

43. Homesite realleges each of the allegations contained in Paragraphs 1 through 42 as if fully set forth herein.

44. The Policies preclude coverage for "property damage" arising out of or in connection with a criminal act of any "insured."

PLAINTIFF HOMESITE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT - 9

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7063627.1

45. The Underlying Lawsuit raises the possibility that some or all of the alleged "property damage" arose out of or in connection with a criminal act of Lenzi.

46. To the extent that the alleged "property damage" arises out of any criminal acts by Lenzi, Homesite is entitled to declaratory judgment that it owes no duty to defend or indemnify Lenzi for any of the claims in the Underlying Lawsuit.

## VIII.   FIFTH CAUSE OF ACTION:
### DECLARATORY JUDGMENT – INTENTIONAL AND MALICIOUS ACTS EXCLUSION

47. Homesite realleges each of the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

48. The Policies preclude coverage for "property damage" arising out of an intentional and malicious act by or at the direction of any "insured."

49. The Underlying Lawsuit raises the possibility that some or all of the alleged "property damage" arose out of an intentional and malicious act by or at the direction of Lenzi.

50. To the extent that the alleged "property damage" arises out of an intentional and malicious act by or at the direction of Lenzi, Homesite is entitled to declaratory judgment that it owes no duty to defend or indemnify Lenzi for any of the claims in the Underlying Lawsuit.

## IX.   SIXTH CAUSE OF ACTION:
### DECLARATORY JUDGMENT – ADDITIONAL COVERAGE – DAMAGE TO PROPERTY OF OTHERS ADDITIONAL COVERAGE

51. Homesite realleges each of the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

52. The Policies provide additional coverage up to $1,000 for "property damage" to the property of others caused by an "insured." However, this coverage does not apply to "property damage" caused intentionally by an "insured."

53. In the Underlying Lawsuit, the Franz Defendants allege that Lenzi intentionally entered the Franz Property and/or the Disputed Triangle and cut down trees without their permission.

PLAINTIFF HOMESITE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT - 10

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7063627.1

54. Homesite is entitled to declaratory judgment that it owes no duty to defend or indemnify Lenzi under the above additional coverage provision for any of the claims in the Underlying Lawsuit because they were caused by intentional conduct.

55. A justiciable controversy exists between Homesite and Mr. Lenzi with respect to Homesite's duties and obligations under the Policies to provide defense and indemnity coverage for the damages alleged in the Underlying Lawsuit.

56. As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## X. PRAYER FOR RELIEF

Homesite prays for the following relief:

1. Declaratory judgment that it owes no duty to defend and/or indemnify Lenzi from the claims alleged in the Underlying Lawsuit;

2. For attorneys' fees and costs allowed by statute and/or applicable law; and

3. Such other and further relief as the Court deems just and equitable.

DATED this 1st day of May, 2020.

*s/ Eliot M. Harris*
Eliot M. Harris, WSBA No. 36590
*s/ Miles J. M. Stewart*
Miles J. M. Stewart, WSBA No. 46067
**WILLIAMS, KASTNER & GIBBS PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone: 206-628-6600
Fax:   206-628-6611
Email:  eharris@williamskastner.com
            mstewart@williamskastner.com

*Attorneys for Plaintiff*
*Homesite Insurance Company*

PLAINTIFF HOMESITE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT - 11

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7063627.1