# Exhibit A



FILED

2019 DEC -9 AM 11: 21

IN SUPERIOR COURT
JEFFERSON COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF JEFFERSON

| | |
|---|---|
| KARL AND MARCIA FRANZ, as Co-Trustees of the FRANZ FAMILY TRUST, dated August 19, 1996<br><br>Plaintiff,<br><br>vs.<br><br>CHRIS LENZI, a single man<br><br>Defendant. | NO. 19-2-00239-16<br><br>AMENDED COMPLAINT FOR QUIET TITLE, EJECTMENT TRESPASS AND INJUNCTION |

COMES NOW the Plaintiff, by and through the undersigned attorney, Bert D. Boughton of Cross Sound Law Group, for cause of action against the Defendants, and alleges that:

### I. Parties and Introduction

1.1   Plaintiff, the Franz Family Trust, through Karl and Marcia Franz trustees, (collectively, "Franz") is the owner of real property located at 802 Rhododendron Drive, Quilcene, WA, Jefferson County, Washington, Parcel No. 701.44047. *See Exhibit A attached hereto for legal description.*

1.2   Defendant Chris Lenzi, is a single man residing at 810 Rhododendron Drive, Quilcene WA 98376, situated in Jefferson County, Washington, Parcel No.

701344029. *See Exhibit B attached hereto for legal description.*

## II. Jurisdiction and Venue

2.1.   Jurisdiction and venue are proper in Jefferson County pursuant to RCW 4.12.010(1) because the action involves title to and damage to real property located within Jefferson County, Washington.

## III. Facts

3.1   The Franz Family Trust owns the real property located at 802 Rhododendron Drive, within the Dabob Cove Community (hereinafter the Franz Property). Karl and Marcia Franz purchased this property on November 16, 2001. They and/or the Franz Family Trust have owned and occupied the property since that time.

3.2   The Defendant, Chris Lenzi, purchased the real property located at 810 Rhododendron Drive (hereinafter the Lenzi Property), on October 17, 2017 and upon information and belief, Mr. Lenzi resides on this property.

3.3   The Franz property was owned and occupied by Mr. Mrs. Franz' predecessors in interest for approximately seven (7) years prior to 2001. Since approximately 1994, the Plaintiffs or their predecessors in interest have owned, possessed and used the Franz Property exclusively.

3.4   When the house on the Franz Property was constructed, in approximately 1994, a portion of the driveway, and/or foundation for the driveway extended several feet north of the surveyed boundary line and onto the Lenzi property, according to deed.

3.5   At the same time that the Franz' house was constructed (1994), a foot path was constructed North of the survey line between the Franz Property and the Lenzi Property which encroaches onto Lenzi's deeded property and runs in an Easterly direction

for approximately 27 feet where it crosses the surveyed deed line onto the Franz Property. This foot path has been, possessed and used regularly for access to gardening areas adjacent to the path for approximately 25 years.

3.5 When the Plaintiffs purchased and took possession of the Franz Property in approximately 2002, survey landmarks were in place and clearly visible in a manner which purported to set out the Franz' Northern boundary between their property and what is now the Lenzi Property. These survey landmarks were portrayed as the Northern boundary of the Franz Property by the sellers at the time, and Mr. Mrs. Franz operated under the understanding and belief that those survey markers represented their Northern Deed line.

3.6 The above referenced Survey markers were situated approximately 256 feet to the North of the surveyed deed line and established a line of possession which creates a triangle area of property north of the surveyed deed line. This triangle shaped piece of property (Hereinafter the Disputed Triangle) was understood by the Plaintiffs to be their property, and it was continuously and exclusively possessed, and used, in an open and notorious manner, hostile to the true deed owner for approximately 25 years since at least 1994. *Please see a diagram and description of the property attached to original complaint, filed October 28, 2019 as Exhibit C.*

3.7 The Plaintiffs during their ownership of the Franz Property have planted and regularly maintained landscaping in the disputed triangle. They have further used the disputed triangle regularly to exercise their dogs. They have also employed gardeners and loggers to maintain and remove numerous trees in the disputed triangle over the Eighteen years they have owned the property.

3.8 In approximately April, 2019, the Defendant caused loggers to log the Lenzi Property downhill from his house and their activities brought them onto the disputed triangle. At that time the Plaintiffs confronted the loggers and demanded that they leave the Plaintiff's property. At the same time, the Defendant, Lenzi, made the assertion that he owned the area within the disputed triangle.

3.9 After a hiatus from logging, on August 22, 2019, in which the parties discussed ownership rights, the Defendant again caused loggers to remove an additional 18 trees within the disputed strip despite Plaintiffs demand that he not do so. Further the Defendant, caused other loggers to return to the disputed triangle, and remove additional trees from the disputed traingle on October 20, 2019.

3.10 The entirety of the disputed strip is identified as an environmentally sensitive area on Jefferson County's critical areas map, and the area is geologically hazardous and prone to land slides.

3.11 Continued removal of trees from the disputed area creates an extreme risk of removal of lateral support for the Franz property, and creates an extreme risk of damage and potential loss of life to property owners down hill from the Lenzi property.

## IV. Cause of Action

4.1 <u>Quiet Title</u>. The Franzes have superior title to all other claimants as to the disputed triangle and are entitled to an order quieting title in the area described above as the "disputed triangle" as they, and their predecessors in interest, have adversely possessed the "disputed strip". Plaintiffs further have superior title to disputed triangle , as the boundary line has been established by mutual recognition and acquiescence, and general equity

pursuant to RCW 7.28. et. seq. RCW 7.28.050, RCW 7.28.120 and any other applicable statute or common law rule.

4.2   Ejectment.   The Franzes are entitled to an order permanently ejecting Defendant Lenzi from those areas owned by Franz in fee simple established by the court, pursuant to RCW 7.28.

4.3   Trespass.   Defendant Lenzi has trespassed upon the Franz property by going onto the Franz property and in so doing did wrongfully remove timber, and/or did wrongfully cause injury to the Plaintiff's land.  Further, Defendant Lenzi acted wrongfully in that he acted intentionally and unreasonably because he knew he lacked the authorization to remove trees and/or to damage the Franz' real property.  The Plaintiffs are entitled to a judgment and to damages, attorney fees and costs for said trespass, under common law and under RCW 4.24.630 alternatively.

4.4   Declaration of Right to Lateral Support.   Plaintiffs seek an order declaring their right to lateral support by Defendant Lenzi and an order enjoining Defendant Lenzi from taking any activity including logging and removal of trees or other vegetation that would compromise or undermine that lateral support.

4.5   Injunction.   Plaintiffs should be granted an order permanently enjoining Defendant Lenzi from interfering with, entering on or otherwise limiting any real property rights that this Court declares exists in favor of Franz.

4.6   Declaration of Rights.   Plaintiffs Franz seek an order declaring their rights in the subject real properties, and determining the scope and use of said properties.

## VI. Prayer for Relief

WHEREFORE Plaintiffs pray for a judgment as follows:

1. For an order quieting title in Franz' favor in fee simple in the area described above as the "disputed strip" and for further order permanently ejecting Defendant Lenzi from those areas owned by Franz in fee simple.

2. For a permanent injunction precluding Defendant Lenzi from interfering with, damaging, or removing trees or landscaping on the real property determined to be owned by Franz in fee simple.

3. For an order finding that Defendant Lenzi has committed trespass, and for an award of damages under common law trespass and/or for treble damages, attorney fees and costs pursuant to RCW 4.64.630.

4. For an order establishing Franz' right to lateral support and enjoining Defendant Lenzi from removing support and interfering with this right.

6. For an award of attorney fees as authorized by statute per any applicable legal theory or equitable reason.

7. For other relief the Court finds equitable and just.

DATED this 5th day of December 2019.

CROSS SOUND LAW GROUP

Bert D. Boughton, W.S.B.A. # 22026
Attorney for Plaintiff

## DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the State of Washington that, on the 5th day of December 2019, I caused to be delivered via e-mail per stipulated e-service agreement to the following addresses a copy of the following documents: Amended Complaint.

Isaac Anderson
PO Box 1507
Kingston, WA 98346
isaac@isaacandersonlaw.com

Dated this 5th day of December 2019, at Poulsbo, Washington.

_____
Becky Hoyt

# EXHIBIT A

## LEGAL DESCRIPTION OF MARIC & KARL FRANZ PROPERTY:

Abbreviated Legal Description:

lot 2, ROBERT CLARK SHORT PLAT, Jefferson County, Washington Assessor's Property Tax Parcel Account Number:
701 344 047

KNOW ALL MEN BY THESE PRESENTS, ll1a1 KARL D. FRANZ and MARCIA K. FRANZ.
hereinafter called Grantor, for and in consideration other than money or money's worth, grants, bargains, sells and conveys to KARL D. FRANZ and MARCIA K . FRANZ. Co -trustees of the Franz Family Trust under agreement dated August 19, 1996, as amended and restated, hereinafter called the Grantee, and unto Grantee and Grantee's successors and assigns, any and all of their interests in all of that certain real property with the tenements, hereditaments and appurtenances thereunto belonging or in any way appertaining,
described as follows:

Lot 2. ROBERT CLARK SHORT PLAT. AS PER PLAT RECORDED IN VOLUME 2 OF SHORT PLATS, PAGES 208, RECORDS OF JEFFERSON COUNTY, WASHINGTON; EXCEPT THAT PORTION DESCRIBED IN DEED TO JOHN N. KAPP RECORDED JUNE 12, 1998 UNDER AUDITOR'S FILE
NO. 411561

SITUATE IN JEFFERSON COUNTY, STATE OF WASHINGTON

# EXHIBIT B

## LEGAL DESCRIPTION OF CHRIS LENZI PROPERTY:

THAT PORTION OF THE SOUTHEAST QUARTER OF SECTION 34, TOWNSHIP 27 NORTH, RANGE 1 WEST, W.M. DESCRIBED AS FOLLOWS:

BEGINNIN AT THE SOUTHEAST CORNER OF SAID SECTION 34;
THENCE NORTH 88°25'20" WEST, ALONG THE SOUTH LINE THEREOF, 1691 FEET;
THENCE NORTH 1°30' EAST 372 FET TO THE TRUE POINT OF BEGINNING;
THENCE CONTINUING NORTH 1°30' EST 532 FEET;
THENCE NORTH 88°30' WEST 315 FEET;
THENCE SOUTH 23°30' WEST 141 FEET;
THENCE SOUTH 19° WEST 207 FEET;
THENCE SOUTH 27° WEST 230 FEET TO A POINT FROM WHICH THE TRUE POINT OF BEGINNING BEARS SOUTH 88°30' EAST 525;
THENCE SOUTH 88°30' EAST 525 FEET TO THE TRUE POINT OF BEGINNING;
(ASLO KNOWN AS TRACT 10 OF DABOB COVE TRACTS, AN UNRECORDED PLAT)

SITUATE IN THE COUNTY OF JEFFERSON, STATE OF WASHINGTON.